## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

IN RE:

Melissa Arletta Hogan,

Debtor(s).

C/A No. 18-05693-HB

Chapter 13

**ORDER DENYING MOTION TO RECONSIDER**

**THIS MATTER** is before the Court on the Motion to Reconsider ("Motion") filed by Deighan Law LLC, f/k/a Law Solutions Chicago LLC, d/b/a/ in South Carolina as Upright Law ("Upright")[1] pursuant to Fed. R. Civ. P. 54(b).[2]

The Court previously entered the *Order Granting UST's Motion to Limit Discovery and Denying Upright's Motion to Compel* ("Discovery Order")[3] concerning certain discovery requests served on the United States Trustee ("UST"). Those requests sought: information and communications regarding the UST's approach toward Upright's fees, business model, and marketing tools compared to those of other attorneys; the UST's motives for initiating the *Motion for Review of the Conduct of Deighan Law LLC, Disallowance and Disgorgement of Fees, and Other Appropriate Relief* ("Motion for Review of Conduct");[4] and the UST's opinions and stances on certain policy,[5] in order to substantiate Upright's "affirmative defense" of "denial of equal protection of the

---

[1] ECF No. 156, filed Mar. 16, 2020.

[2] Made applicable to this contested matter by Fed. R. Bankr. P. 9014 and 7054.

[3] ECF No. 152, entered Mar. 6, 2020.

[4] ECF No. 67, Jul. 17, 2019. The Motion for Review of Conduct seeks to: 1) disallow and disgorge funds received by Upright from Melissa Arletta Hogan; 2) enjoin Upright from collecting any fees from residents of South Carolina until the resident has a consultation with a member of the bar of this Court who agrees to represent the resident in a case before this Court; 3) enjoin Upright from retaining unearned fees and costs from residents of South Carolina; 4) enjoin Upright from practicing in this Court until it demonstrates it will comply with § 526 and has procedures in place to ensure its compliance; 5) impose sanctions against Upright pursuant to § 526(c)(5)(B); and 6) impose sanctions as appropriate for deterrence.

[5] For example, Interrogatory No. 21 asked the UST if it disagreed with various portions of the Final Report of ABI Commission on Consumer Bankruptcy, 2017-19, quoted therein.

law/selective enforcement."    The Motion asserts the Discovery Order erred in three respects: (1) concluding Fed. R. Bankr. P. 7008 does not apply and Upright is not entitled to discovery concerning its affirmative defense; (2) finding Upright's discovery requests were not relevant to the Motion for Review of Conduct; and (3) denying the UST be compelled to respond to Request for Production No. 6 on relevance grounds when the UST objected on the basis of privileged work product.

Fed. R. Civ. P. 54(b) governs reconsideration of an interlocutory order, such as a discovery ruling.  The Rule allows the Court to revise "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  Thus, the "court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *American Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003).

"Compared to motions to reconsider *final* judgments pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Rule 54(b)'s approach involves broader flexibility to revise *interlocutory* orders before final judgment as the litigation develops and new facts or arguments come to light." *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (emphasis in original) (citations omitted).  Although the "standard closely resembles the standard applicable to motions to reconsider final orders pursuant to Rule 59(e) . . . it departs from such standard by accounting for potentially different evidence discovered during litigation as opposed to the discovery of 'new evidence not available at trial.'" *Id.* (quoting *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.

1998)).  Nevertheless, the Court's discretion "is not limitless," and the Fourth Circuit has "cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case." *Id.* (citations omitted).  Accordingly, the "court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: '(1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice.'" *Id.* (internal quotation marks, alteration, and citations omitted); *see also U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Virginia, LLC*, 899 F.3d 236, 256–57 (4th Cir. 2018) (applying the *Carlson* standard).

After careful review, the Court finds that Upright's Motion must be denied.  There is no change in applicable law and no new or substantially different evidence for the Court to consider.  The prior findings and conclusions in the Discovery Order were not a clear error of law and there is no manifest injustice to prevent.

Upright asserts the Court erred in concluding Fed. R. Bankr. P. 7008 is inapplicable to this contested matter.  Upright argues it appropriately pled its affirmative defense because the Motion for Review of Conduct seeks to enjoin Upright.  Therefore, it should have been initiated by the UST as an adversary proceeding for such relief under Fed. R. Bankr. P. 7001(7),[6] triggering Upright's affirmative defense under Fed. R. Bankr. P. 7008.  Remedies provided by 11 U.S.C. § 526 specifically allow the Court to enjoin certain conduct.  That section also provides for such relief by a motion, as it is presented here. *See* 11 U.S.C. § 526(c)(5) ("Notwithstanding any other provision of Federal law and in addition to any other remedy provided under Federal or State law, if the court, on its own motion or

---

[6] Fed. R. Bankr. P. 7001(7) provides "a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief" is an adversary proceeding.

***on the motion of the United States trustee*** or the debtor, finds that a person intentionally violated this section, or engaged in a clear and consistent pattern or practice of violating this section, the court may—(A) enjoin the violation of such section; or (B) impose an appropriate civil penalty against such person.") (emphasis added); *see also Law Sols. Chicago LLC v. United States Tr.*, 592 B.R. 624, 630 (W.D. La. 2018), *aff'd sub nom. Matter of Banks*, 770 F. App'x 168 (5th Cir. 2019) (affirming the bankruptcy court's order granting the UST's Motion to Disgorge Fees and For Other Appropriate Relief, which issued sanctions against Upright pursuant to §§ 526(c)(5) and 105(a), and noting "[a] court does not necessarily issue an 'injunction' when it restricts an attorney's ability to practice within its district, or regulates that practice."). The Motion for Review of Conduct is appropriately before the Court as a contested matter under Fed. R. Bankr. P. 9014 and Fed. R. Bankr. P. 7008 is not applicable.

As previously determined, the discovery requests at issue are not relevant to defending the UST's Motion for Review of Conduct. "The mere fact that the bankruptcy court may not have had other violations brought to its attention or may not have deemed it appropriate to sanction other violators does not excuse appellant's failure to comply with the local rule or the Federal Rules of Bankruptcy Procedure." *See In re Redding*, 265 B.R. 601, 603 (B.A.P. 8th Cir. 2001) (citations omitted). Upright's attempt to call into question the UST's motivation for initiating the Motion for Review of Conduct is procedurally improper and irrelevant here.

The report referenced in Upright's discovery requests[7] may shed light on applicable standards for fee arrangements and retainer agreements for consumer bankruptcy counsel.

---

[7] *See* Interrogatory No. 21 regarding the UST's opinions on portions of the Final Report of ABI Commission on Consumer Bankruptcy, 2017-19.

4

However, the UST's opinions, internal discussions, and/or disagreements therewith – and its policies for reviewing such arrangements in South Carolina – is not relevant to *this Court's* ultimate determination as to whether Upright violated §§ 329 and 526, Fed. R. Bankr. P. 2017(a), and SC LBR 9011-1(b) and should be sanctioned or enjoined as a result. Upright's conduct, procedures, and operations are at issue here, not the UST's.

Request for Production No. 6 asked the UST for "[a]ll documents that relate to, or consist of, communications with Lee O'Steen concerning Upright Law." The UST responded with certain emails between its office and Mr. O'Steen related to the Hogan case. The UST objected to any further response to this request, asserting it sought information not relevant to any claim or defense, was overly broad, and concerned matters that are privileged under the work product doctrine. The UST's privilege log, served with its discovery responses, indicated it withheld from production three emails between Mr. O'Steen and the UST dated May 9, 2019, concerning litigation against Upright, and one email from Mr. O'Steen to the UST dated August 20, 2019, regarding information on Hogan's case.

It is unnecessary to address privilege if the material requested is not relevant to the matter at hand. However, if addressed, the Court would have decided the issue in favor of the UST. The UST objected to the Motion to Compel of this request because the communications sought by Upright related to the UST's investigation into potential litigation and/or litigation with Upright and were protected under Fed. R. Civ. P. 26(b)(3)(A).[8] Upright argues Mr. O'Steen waived any privilege by providing information

---

[8] This Rule is made applicable to this contested matter by Fed. R. Bankr. P. 9014 and 7026 and provides:
　　(A) *Documents and Tangible Things.* Ordinarily, a party may not discover documents and
　　tangible things that are prepared in anticipation of litigation or for trial by or for another party

5

to the UST. "The work-product doctrine protects an attorney's work done in anticipation of litigation." *Sherrill v. DIO Transp., Inc.*, 317 F.R.D. 609, 614 (D.S.C. 2016) (citing *Solis v. Food Employers Labor Relations Ass'n*, 644 F.3d 221, 231 (4th Cir. 2011)). "Rather than protecting communications, however, the work-product privilege protects the attorney's trial preparations and allows him to 'assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference.'" *Wells v. Liddy*, 37 F. App'x 53, 65 (4th Cir. 2002) (quoting *Hickman v. Taylor,* 329 U.S. 495, 510-11, 67 S.Ct. 385, 91 L.Ed. 451 (1947) ("Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney.")). "The work product privilege is not automatically waived by any disclosure to third persons." *Frank Betz Assocs., Inc. v. Jim Walter Homes, Inc.*, 226 F.R.D. 533, 534-35 (D.S.C. 2005) (citations omitted).

The work product privilege is asserted here for the work performed by the UST in anticipation of litigation against Upright. It is claimed by the UST for its work. Any alleged waiver by Mr. O'Steen is irrelevant to a request directed to the UST.

Finally, the Court specifically rejects Upright's arguments that because the UST seeks information concerning Upright's involvement with cases other than Hogan's, Upright must also be allowed the same scope for its requests to the UST. As mentioned above, Upright's conduct is the issue here, not the UST's (or Mr. O'Steen's). Therefore, the scope of discovery may vary depending on the party's role.

---

or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
    (i) they are otherwise discoverable under Rule 26(b)(1); and
    (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.
Fed. R. Civ. P. 26(b)(3)(A).

**IT IS, THEREFORE, ORDERED** that the Motion to Reconsider is denied and

the *Order Granting UST's Motion to Limit Discovery and Denying Upright's Motion to*

*Compel* remains in full force and effect.

**FILED BY THE COURT**
**03/25/2020**



Chlef US Bankruptcy Judge
District of South Carolina

Entered: 03/25/2020