## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

In re:

Melissa Arletta Hogan,

               Debtor.

Case No. 18-05693-hb
Chapter 13

## UNITED STATES TRUSTEES STATEMENT REGARDING
## UPRIGHT'S DISCOVERY RESPONSES

The Acting United States Trustee for Region Four (the "UST") hereby files his statement regarding Upright's discovery responses and requests that the Court order additional compliance with its orders entered January 15, 2020 and March 6, 2020.

### BACKGROUND

1.     On October 8, 2019, the UST issued his discovery on Deighan Law LLC, f/k/a Law Solutions Chicago LLC, and doing business in South Carolina as Upright Law (hereafter "Upright").  Upright's responses to discovery were due on November 7, 2019, and pursuant to an agreement, the due date was extended to November 11, 2019.

2.     On November 25, 2019, after reviewing Upright's discovery responses and engaging in good faith discussions to resolve various issues the UST had with the discovery responses, the UST filed a motion to compel responses to some interrogatories and requests to produce (the "Motion to Compel").  Upright objected to the Motion to Compel.

3.     On January 15, 2020, the Court issued its order regarding the Motion to Compel and provided Upright 30 days from the date of the Order to provide its additional responses (the "Compel Order").

1

4.   Of relevance to this statement, the Compel Order addressed interrogatories #14, 16, and 17.  The Compel Order required Upright to respond to these interrogatories within 30 days of the order.

5.   On January 27, 2020, Upright filed a motion to reconsider the Compel Order ("First Motion to Reconsider"), to which the UST filed an objection.

6.   On March 3, 2020, the Court held a hearing on the First Motion to Reconsider along with other discovery pleadings.  At the hearing Upright stated that it was unable to search the date on which a client asked for a refund and the date that an accounting was provided to the client.  The UST noted that this information could be found with a manual search.  The Court encouraged the parties to try and resolve these issues but did not amend the Compel Order on these matters.  The UST also argued that the client name was not privileged and was important information to be produced in response to the discovery requests.

7.   On March 6, 2020, the Court entered its order denying in part the First Motion to Reconsider.  Upright was provided 30 days from the date of the order to provide its responses to discovery using client identifiers rather than disclosing client names.  The Court also provided the UST 14 days after the discovery responses were served by Upright to detail any additional information (within the scope of the original discovery requests) warranted after the UST's review of Upright's responses.

8.   Upright did not contact the UST to discuss the discovery responses after the March 3, 2020 hearing.

9.   Upon receipt of Upright's discovery responses by electronic mail sent April 7, 2020, counsel for the UST emailed Upright's counsel seeking clarification and confirmation regarding the information produced by Upright.

2

10. On April 15, 2020, Upright responded to the UST's questions in some instances by stating that the UST was seeking informal discovery or seeking for Upright to interpret the data provided. In other instances, it responded to the inquiry.

11. On April 17, 2020, counsel for the UST emailed counsel for Upright questioning whether discussions regarding Upright's manual retrieval of information requested by interrogatory #14 would be productive, and whether Upright would agree to disclose client names. This statement addresses these points.

DISCUSSION

<u>Interrogatory #14.</u>

Interrogatory #14 requested: For the period of November 1, 2017 through July 31, 2019, identify individual clients, for whom Upright has not filed a bankruptcy case, but to whom an accounting was provided by Upright as part of the cancellation process referenced in the Galloway Declaration ¶ 66. State the date the accounting was provided to the client, and the date the client requested a refund or cancelled Upright's services.

Upright had objected in part that the interrogatory was vague. The Court found that the interrogatory was not vague and requested that Upright first identify which clients Upright had provided an accounting as part of the cancellation process during the period and from that group only disclose those for whom Upright had not filed a bankruptcy case. In accordance with interrogatory #14, once the group was identified, Upright was to state the date the accounting was provided to the client, and the date the client requested a refund or cancelled Upright's services.

At the March 3, 2020 hearing and in its pleadings, Upright argued that it did not routinely record the date it provided an accounting of services to the client. However, a manual review of

the file would disclose if the date an accounting was provided to the client had been recorded in

the particular file.  This information was not provided in the discovery responses.  Upright has

now agreed to have a manual review completed of the approximately 516 clients identified in

response to interrogatory #14 and determine if the date an accounting was provided to a client

can be found and to provide the information.  The UST reserves his right to supplement this

statement if Upright fails to comply with this agreement, which Upright anticipates will take

approximately two weeks to complete.

Upright also stated at the March 3rd hearing and in its pleadings that it did not record the

date the client requested a refund or cancelled services.  Upright has stated that the date a

payment plan was paused would likely be within a day or two of the client's request.  As such, in

responding to interrogatory #14, Upright provided the "pause date" and the date the file was

closed.  The UST is willing to accept Upright's representation regarding the timing of the pause

date and the date the client requests cancellation or a pause in the payment plan, but requests that

Upright cannot argue that the "pause date" and the date the client paused the payment plan or

cancelled Upright's services are not the same date for the purposes of trial.

Interrogatories #16 and #17.

Interrogatory #16 requested:  List the names of any South Carolina residents from whom

you received funds for bankruptcy services during the period of November 1, 2017 through July

31, 2019, but for whom you did not file a bankruptcy case.

Interrogatory #17 requested:  For the South Carolina residents listed in response to

Interrogatory #16, state the fees collected by Upright from each resident, the period of time over

which the fees were collected, and the amount of fees refunded to each resident.

4

Upright had objected to interrogatory #16 as vague and interrogatory #17 as unduly burdensome as the date range of payments would require a manual review. The Court overruled these objections. In replying to interrogatories #16 and #17, Upright did not provide the period of time over which fees were collected. In the UST's second set of requests for production of documents, the UST requested a copy of the accountings for the clients identified in interrogatories #14 and #17. If Upright produces the accountings, they should contain the information of the period of time over which payments were made. As such, the UST notes this deficiency and reserves his right to compel Upright to comply if it does not provide accountings that would provide this information.

<u>Client Names.</u>

In the motion denying in part Upright's First Motion to Reconsider, the Court allowed Upright to use client identifiers in responding rather than client names. The Court indicated at the hearing that the UST could request that the Court require the disclosure of client names after receiving and reviewing the discovery responses. The UST believes that client names are necessary and appropriate after reviewing Upright's responses and requests that the Court order Upright to disclose the names of the clients identified in the discovery responses to interrogatories #14, 16, and 17.

Upright has stated that client identifiers for clients disclosed in response to interrogatory #14 had the same client identifiers if they also appeared in response to interrogatories #16 and #17. The UST is still comparing and combining the charts but expects all of the clients identified in response to interrogatory #14 will also be part of the clients identified in response to

interrogatories #16 and #17.[1]  Thus, there were 907 clients included in the chart produced by

Upright in response to interrogatories #16 and #17, indicating that these clients had paid fees to

Upright during the period of November 1, 2017 through July 31, 2019 but Upright had not filed

bankruptcy cases for them as of the time of the creation of the chart.  Of these 907 clients, (a)

212 clients paid $100 or less (51 clients received refunds), (b) 254 clients paid between $100.01

to $500 (86 clients received partial or full refunds), (c) 106 clients paid between $500.01 and

$1,000 (44 clients received partial or full refunds), (d) 292 clients paid between $1,000.01 and

$2,000 (118 clients received partial or full refunds), and (e) 42 clients paid more than $2,000 (20

clients received partial or full refunds).  Of the 907 clients shown on the chart, 177 clients

received a 100% refund,142 clients received some refund, leaving 588 clients receiving no

refunds.  Of those who had not received refunds, approximately 179 clients paid more than

$1,000.  According to the chart, of those who did not receive any refund, 60 clients last made a

payment to Upright in 2017, and 345 had made their last payment in 2018.[2]

The information produced in response to the interrogatories indicates that Upright has a

large percentage of clients from whom it has collected fees and made partial or no refunds and

did not file bankruptcy cases for those clients.  Without receiving the client names, the UST is

unable to discuss with these persons their experiences with Upright to include the payment of

funds, the sufficiency of any refunds, and requests for refunds.  "The identity of the client, the

amount of the fee, the identification of payment by case file name, and the general purpose of the

---

[1] This is not an easy comparison as the client identifiers used by Upright were not client 1
through 907, but for example, were identified as a001J00001EhdhHQAR,
a001J00001Ek0msQAB, a001J00001Ll6GXQA1, and similar identifiers.
[2] The information produced by Upright has not been transferred to a platform that allows
computer analysis and calculations.  Any errors in the information provided herein are not
intentional and considerable time was taken to check the information.

work performed are usually not protected from disclosure by the attorney-client privilege." *In re Grand Jury Subpoena*, 204 F.3d 516, 520 (4th Cir. 2000). *See In re Grand Jury Proceedings*, 727 F.2d 1352 (4th Cir. 1984) (finding that the failure to publish the prospectus did not matter as the information was not intended to be kept in confidence).

The UST requests that the Court compel Upright to disclose the client names for those clients included in Upright's responses to interrogatories #14, 16, and 17. The discovery produced highlights the volume of South Carolina citizens who have been impacted by their interactions with Upright. Interviews and/or depositions will likely show that Ms. Hogan's experiences are not the exception when a client interacts with Upright and its business model.

WHEREFORE, the UST requests that the Court order Upright to disclose the clients' names who have been identified in discovery, grant the UST his reservations regarding deficient matters set forth herein, and grant such further and other relief as the Court deems just and appropriate.

Respectfully Submitted,

JOHN P. FITZGERALD, III
Acting United States Trustee for Region 4

/s/ Linda Barr
Linda K. Barr, Id. 6284
Trial Attorney
Department of Justice
Office of the United States Trustee
1835 Assembly Street, Ste. 953
Columbia, SC 29201
linda.k.barr@usdoj.gov

April 20, 2020

<u>CERTIFICATE OF SERVICE</u>
<u>Case No: 18-05693-hb</u>

I, the undersigned, do hereby certify that on the 20th day of April, 2020, I served the below-named party with a copy of the following document:

**UNITED STATES TRUSTEES STATEMENT REGARDING**
**UPRIGHT'S DISCOVERY RESPONSES**

**and**

**CERTIFICATION OF GOOD FAITH NEGOTIATIONS**

by electronic transmission through the Court's Electronic Case Filing system to the participants in this case, including the following participants and/or by electronic mail:

Todd Darwin, Esquire
F. Lee O'Steen, Esquire

By: /s/ Linda Barr
       Linda Barr
       Trial Attorney
       Office of U. S. Trustee
       1835 Assembly St., Suite 953
       Columbia, South Carolina 29201
       (803) 765-5219