**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

In re:

Melissa Arletta Hogan,

                Debtor.

Case No. 18-05693-hb
Chapter 13

**MOTION FOR A PROTECTIVE ORDER QUASHING**
**NOTICE OF RULE 30(b)(6) DEPOSITION**

Comes now John P. Fitzgerald, III, Acting United States Trustee for Region Four (the "United States Trustee"), by counsel, and moves the Court for a protective order quashing the notice of Rule 30(b)(6) deposition pursuant to Fed. R. Bankr. P. 7026, which incorporates Fed. R. Civ. P. 26(c)(1) and Rule 26(b)(2)(C) (hereinafter, "Rule 26") (the "Motion"). In support of this Motion, the United States Trustee respectfully states as follows:

**Overview**

On September 24, 2020, Deighan Law, LLC, doing business as Upright Law in South Carolina (hereafter "Upright") noticed a deposition of the United States Trustee's designee in connection with the United States Trustee's *Motion for Review of the Conduct of Deighan Law LLC, Disallowance and Disgorgement of Fees, and Other Appropriate Relief* pursuant to 11 U.S.C. §§ 105(a), 329(b), 526, Fed. R. Bankr. P. ("Rules") 2017, and the Court's inherent authority (the "Motion for Review of Conduct"). A copy of the Notice of Deposition is attached hereto as Exhibit A (the "Notice"). Upright seeks to depose the United States Trustee's designee on 16 topics ("the "Topics"). Five of the Topics relate to matters the Court previously determined were irrelevant or otherwise not subject to discovery. To the extent Upright seeks relevant, discoverable information through the Topics set forth in the Notice, such information either (a) has already been provided to Upright through written discovery, and/or (b) is available

1

to them through other means. Accordingly, Upright's Notice should be quashed in its entirety.

## Factual Background

1. The Motion for Review of Conduct alleges misconduct of Upright in connection with its dealings with Ms. Hogan, the debtor in this case. In its response to the Motion for Review of Conduct [Doc. #77], Upright admitted many of the facts but disagreed with their application to the law. But, in an attempt to deflect attention from its own misconduct, Upright asserted irrelevant and procedurally improper arguments that the United States Trustee engaged in selective enforcement against Upright and that the United States Trustee's conduct denied it equal protection.[1]

2. On January 13, 2020, the United States Trustee filed a motion for protective order regarding interrogatories and requests for production of documents issued by Upright [Doc. #128]. On March 6, 2020, the Court entered its order granting the United States Trustee's Motion to Limit Discovery and Denying Upright's Motion to Compel (the "Order Limiting Discovery") [Doc. #152]. In the Order Limiting Discovery, the Court stated that "Upright seeks information and communications regarding the UST's approach toward Upright's fees, business model, and marketing compared to those of other debtors' attorneys and its motives for initiating the Motion for Review of Conduct to substantiate its contention that the UST is engaging in discriminatory enforcement. It is unclear how this information is relevant to Upright's defense against the allegations that it violated §§ 329 and 526, Fed. R. Bankr. P. 2017(a), and SC LBR 9011-1(b) and should be sanctioned as a result." Order Limiting Discovery at 4. The Court found that the United States Trustee's motivation for filing and prosecuting the Motion for

---

[1] Upright also filed a motion to dismiss (Doc. #76) the United States Trustee's Motion for Review of Conduct, asserting that the allegations of Upright's misconduct with regard to Upright's handling of cancellations and refunds were not plead with adequate specificity under Fed. R. Civ. P. 9(b). The Court denied the motion to dismiss. (Doc. #104).

Review of Conduct was not at issue because "the Court, not the UST, will decide if any violation occurred and/or if any sanction is appropriate." *Id.* The Court found that the United States Trustee was not required to further respond to interrogatories 10, 12, 13, 16, 17, 19, and 20 and requests for production 5, 9-11, 13-15, 21, and 24-28. The Court also denied Upright's motion to compel responses to interrogatories 18 and 21 and requests for production 6 and 22.

    3. The discovery requests denied in the Order Limiting Discovery generally dealt with any internal communications, documentation, policies or procedures regarding Upright, multi-state practice models or untraditional practice models, pleadings filed by the United States Trustee regarding other attorneys, communications between the United States Trustee and chapter 7 and chapter 13 trustees, and surveys and analysis of other bankruptcy cases. Topics 8, 9, and 10 seek to depose the United States Trustee's designee on substantially the same topics, which are not relevant. For the same reasons argued and ruled by the Court previously, the United States Trustee requests the Court to issue an order quashing the Notice regarding these topics.

    4. Topic 16 is "The nature of Lee O'Steen's advertisements regarding 'free consultations'." The actions by other attorneys are not relevant to the appropriateness of Upright's conduct. As such, the United States Trustee requests the Court to issue an order quashing the Notice regarding Topic 16.

    5. Topic 13 seeks to depose the United States Trustee designee regarding to whom any award, penalty, or other monetary relief would be made payable if the Court issues such an award. The United States Trustee asserts that the person to whom any such award would be made payable would be determined by the Court, who would also determine what, if any, award was appropriate. As such, this is not a proper topic to seek from the United States Trustee and

3

should be quashed.  To the extent this is a proper topic, Upright could have made such an inquiry in its interrogatories.

    6. Topics 1-7, 11-12, and 14-15 are nearly identical to the information sought in the interrogatories and requests for production of documents issued by Upright to the United States Trustee, to which the United States provided detailed responses.  The following are the interrogatories and requests to produce regarding the same issues:

    Interrogatories:

2. As to any allegation that Upright Law has demonstrated a "clear and consistent pattern or practice" of violating 11 U.S.C. § 526, identify and provide: (a) all cases that constitute or contribute to the alleged "clear and consistent pattern or practice"; (b) a detailed description of the particular violation of 11 U.S.C. § 526 in each case that gives rise to the alleged violation; and how the alleged violations relate to one another.

4. Identify all witness that the UST will or may call at the evidentiary hearing in support of the Motion for Sanctions.

5. Identify all documents that the UST will or may use, introduce, seek to admit into evidence, use as demonstrative evidence, or reference in any argument, at evidentiary hearing or deposition in this matter.

7. Describe the damage, harm, injury, expense or loss to Ms. Hogan that resulted from the conduct at issue in each of the claims asserted in the Motion for Sanctions

8. Describe the damage, harm, injury, expense or loss to the debtor's bankruptcy estate that resulted from the conduct at issue in each of the claims asserted in the Motion for Sanctions.

9. As to any allegation that the Upright Law violated 11 U.S.C. § 526, 11 U.S.C. § 329, 11 U.S.C. § 105, Fed. R. Bankr. P. 2017, or Local Civil Rule 83.IX.01 DSC, identify and provide: (a) a detailed description of the particular violation that gives rise to the alleged violation; (b) a description of the facts that support each alleged violation described in subsection (a); and (c) any and all facts that support or contradict the allegations of violations.

Requests to Produce:

1. All documents related to the UST's claim in the Motion for Sanction against Upright Law pursuant to 11 U.S.C. § 105, including any documents that would support a claim that Upright Law acted in bad faith in relation to manner in which it handled the refund request of Ms. Hogan.

2. All documents related to the UST's claim against Upright Law in the Motion for Sanctions pursuant to 11 U.S.C. § 329, including any documents that address the UST's basis for contesting the reasonableness of fees that: (a) have already been refunded to Ms. Hogan; and (b) that address whether law firms can, or cannot, charge for services that the UST deems to be "administrative".

3. All documents related to the UST's claim against Upright Law pursuant to 11 U.S.C. § 526 in the Motion for Sanctions, including but not limited to: (a) the "substantial prediscovery evidence" of Upright Law violating Section 526 in connection with case cancellations or refunds (see page 7 of Doc. 96); and (b) Upright Law's alleged clear and consistent pattern or practice of offering free case evaluations by non-attorney staff with little or no information.

5   All communications with any Chapter 7 Trustee or Chapter 13 Trustee in the District of South Carolina concerning Upright Law.

7   All Documents comprising communicating between the UST and Melissa Hogan, or anyone acting on behalf of Melissa Hogan.

A copy of the interrogatories and requests to produce issued by Upright are attached as <u>Exhibit B</u>.

7. In its motion to compel [Doc. #136], Upright did not seek further responses from the United States Trustee to the discovery requests noted above. It is not a surprise that Upright would not seek additional information on these points because Upright possesses unrivaled access to the overwhelming majority of the relevant factual information as the issue before the Court is *Upright's conduct*. Notwithstanding this truth, Upright has served the United States Trustee with the Notice, not in attempt to discover facts and information (those have already been provided), but in an attempt to invade the attorney work product and to harass and unduly burden the United States Trustee with duplicative and improper discovery requests.

5

8. The United States Trustee's attorneys assigned to cases are responsible for investigating facts, drafting pleadings, and determining which facts support the relief sought. In essence, Upright is seeking to depose the United States Trustee regarding his investigative processes and work product. This is further supported by Upright's continued assertions at the discovery conference that Upright had a right to ask how certain legal conclusions could be met based on the facts. For example, Upright's counsel stated Upright had a right to know how the United States Trustee thinks the Motion for Review of Conduct is not moot when the debtor has received a full refund. Upright's continued focus on mootness ignores that the Court has already ruled that the full refund did not moot the litigation. *See* Order on Motion to Compel dated January 15, 2020 [Doc. #129]. Moreover, it also ignores that the United States Trustee's legal thought processes, analysis, and legal conclusions are not facts subject to discovery. The Motion for Review of Conduct and any additional briefs filed in this case state or will state how the United States Trustee thinks the legal conclusions can be met based on the facts.

9. Although counsel for the United States Trustee has engaged in a meet and confer discovery conference with counsel for Upright, the United States Trustee has been unable to resolve his objections to Upright's Notice. Accordingly, the United States Trustee seeks entry of a protective order quashing the Notice and relieving the United States Trustee of the burden to respond to Upright's latest attempt to harass the United States Trustee by seeking irrelevant, burdensome, duplicative, and improper discovery.

**Argument**

Federal Rule of Civil Procedure 26(b)(1), made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7026 and 9014, provides for discovery of nonprivileged matters that are relevant to a claim or defense of a party and are proportional to the needs of the case. Although the discovery rules are "accorded a broad and liberal treatment", they are not without boundaries, and "limitations come into existence when the inquiry touches upon the irrelevant or encroaches upon the recognized domains of privilege." *Hickman v. Taylor*, 329 U.S. 495, 507-508 (1947). Further, a "court must limit the frequency or extent of discovery otherwise allowed" when it determines "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive…" Fed. R. Civ. P. 26(b)(2)(C). Moreover, when good cause exists, a court may enter "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" Fed. R. Civ. P. 26(c)(1). Courts have broad discretion in their resolution of discovery problems that arise in cases before them. *Allstate Ins. Co. v. Electrolux Home Prods.*, 2019 U.S. Dist. LEXIS 24756 * 3 (D.S.C. February 15, 2019).

In civil enforcement actions brought by a government agency, courts have been very cautious in permitting defendants to conduct Rule 30(b)(6) depositions of the agency because such an exercise is often the fundamental equivalent of a deposition of the agency's counsel. As noted in *EEOC v. McCormick & Schmick's Seafood Rests., Inc.*:

> Numerous other federal courts have similarly concluded that 30(b)(6) deposition notices directed to a law enforcement agency involving the type of information Defendants seek in this case were, in effect, notices to depose opposing counsel of record and would not be permitted given a) the agencies' lack of independent knowledge of the transactions at issue and that the information the noticing party was seeking was generated by the agencies' counsel or counsel's agents in preparation of trial, b) the consequent high potential for intrusion into attorney work product, c) the undue burden and inefficiency entailed to prepare a lay witness to engage in rote

memorization and recitation of the evidence in the case, and d) the availability of alternative means to secure legitimate factual discovery.

2010 WL 2572809, 2010 U.S. Dist. LEXIS 61603 at *10-11 (D. Md. June 22, 2010) (collecting cases).

A. <u>Improperly Seeking to Depose Attorney</u>

Upright issued the Notice to the United States Trustee in a thinly veiled attempt to obtain the mental impressions of counsel for the United States Trustee and improperly discover the trial strategy of counsel for the United States Trustee. Depositions of counsel in litigation are highly disfavored. *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986) (holding there is a strong presumption against permitting deposition of opposing counsel; to overcome it a party must show (1) no other means to obtain information sought, (2) information is relevant and non-privileged, and (3) information is crucial to preparation of case). As stated by the United States District Court for the Eastern District of Virginia:

> The Shelton standard has been adopted by the First, Fifth, Sixth and Tenth Circuits. Our Court of Appeals has not decided the issue; however, district court decisions within the circuit rather uniformly have followed the Shelton standard. *Asbury v. Litton Loan Servicing LP*, 2009 U.S. Dist. LEXIS 30882, 2009 WL 973095 *3 n.4 (S.D. W. Va. Apr. 9, 2009); *Buyer's Direct, Inc. v. Belk, Inc.*, 2012 U.S. Dist. LEXIS 113226, 2012 WL 3278928 *3 (E.D.N.C. Aug. 10, 2012); *Hughes v. Sears, Roebuck & Co.*, 2011 U.S. Dist. LEXIS 72748, 2011 WL 2671230, *4-5 (July 7, 2011); *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83 (M.D.N.C. 1987); *Maxtena, Inc. v. Marks*, 289 F.R.D. 427, 2012 WL 6190298 *11 (D. Md. 2012).

*Ford Motor Co. v. Nat'l Indem. Co.*, 2013 U.S. Dist. LEXIS 102985 **6-7 (E.D. Va. 2013).

Because a deposition of a party's attorney is usually both burdensome and disruptive, the mere request to depose a party's attorney constitutes good cause for obtaining a protective order unless the party seeking the deposition can demonstrate both the propriety and the need for the deposition. *See Massachusetts Mutual Life Ins. Co. v. Cerf*, 177 F.R.D. 472, 479 (N.D. Cal. 1998);

8

Case 18-05693-hb    Doc 214    Filed 10/14/20    Entered 10/14/20 10:58:10    Desc Main
Document      Page 9 of 13

*Pure Fishing, Inc. v. Redwing Tackle, Ltd.*, 2012 U.S. Dist. LEXIS 52724 (D.S.C. 2012); *SEC v. Morelli*, 143 F.R.D. 42, 47 (S.D.N.Y 1992) ("[T]he Court is drawn inexorably to the conclusion that Morelli's Notice of Deposition is intended to ascertain how the SEC intends to marshal the facts, documents and testimony in its possession, and to discover the inferences that plaintiff believes properly can be drawn from the evidence it has accumulated."); *see also SEC v. World-Wild Coin Investments, Ltd.*, 92 F.R.D. 65 (N.D. Ga. 1981) (precluding deposition of SEC trial counsel where defendants could not show substantial need). "Opinion work product, which does contain the fruit of an attorney's mental process, is 'more scrupulously protected as it represents the actual thoughts and impressions of the attorney'." *Fort v. Sun Trust Bank (In re Int'l Payment Group, Inc.)*, 2011 Bankr. LEXIS 3747, slip op. Adv. Pro No. 10-80049-hb (Bankr. D.S.C. October 5. 2011) (quoting *In re Grand Jury Proceedings*, 401 F.3d 247, 250 (4th Cir. 2005) (further citations omitted).

In addition, the Federal Rules provide courts with the discretion to limit pretrial discovery if "the discovery sought is unreasonably cumulative or duplicative or is obtainable from some other source that is more convenient, less burdensome, or less expensive." Fed.R.Civ.P. 26(b)(2)(C). It seems particularly appropriate to exercise this discretion when a party seeks to depose its opponent's attorney after having obtained discovery pursuant to interrogatories and requests for production. Such a deposition provides a unique opportunity for harassment; it disrupts the opposing attorney's preparation for trial and could ultimately lead to disqualification of opposing counsel if the attorney is called as a trial witness.

In this case, the conduct of Upright (and not the conduct of the United States Trustee) is before the Court. Upright cannot demonstrate that the United States Trustee has any personal factual knowledge of Upright's actions, which actions are the basis for the claims asserted in this

case. The Notice issued by Upright is an attempt to determine how counsel for the United States Trustee intends "to marshal the facts, documents and testimony in its possession, and to discover the inferences that plaintiff believes properly can be drawn from the evidence it has accumulated." *Morelli*, 143 F.R.D. at 47. Such legal analysis is not a "fact" and is protected by the work product privilege.

In contrast to the United States Trustee and his counsel who have no personal factual knowledge of the conduct of the Upright, Upright knows exactly what it did. To the extent Upright does not know what it did, it could obtain discovery from individuals with personal factual knowledge. The fact that it is not relying on such sources demonstrates that the true reason for the Notice is an attempt to depose counsel for the United States Trustee.

The second *Shelton* factor also weighs in favor of quashing the Notice. Upright is seeking to invade privileged communications, investigate counsel's mental impressions, and obtain counsel's work product. Because the United States Trustee has no personal factual knowledge of the defendants' actions, it is clear Upright is trying to invade privileged information, including counsel's "[m]ental impressions, opinions or legal theories concerning the case" which are "absolutely" immune from discovery. *See National Union Fire Ins. Co. of Pittsburgh, PA v. Murray Sheet Metal Co. Inc.*, 967 F.2d 980, 984 (4th Cir. 1992).[2] In addition, fact work product enjoys a "qualified" immunity in the sense that it is discoverable only upon a showing of "substantial need." *Id.*

---

[2] *Miccosukee Tribe of Indians of Florida v. United States*, 516 F.3d 1235, 1262-63 (11th Cir. 2008)(the attorney client privilege applies to confidential communications between an attorney and the government agency or officer client relating to a legal matter for which the government officer has sought professional advice); *Better Government Bureau, Inc. v. McGraw, et al.*, 106 F.3d 582, 600, fn. 8, 605 (4th Cir. 1997.

The third *Shelton* factor also weighs in favor of quashing the Notice. Upright cannot demonstrate that the testimony sought is crucial to its case. In fact, none of the testimony would be admissible because, by way of example and not limitation, the testimony would, at best, be based on second hand knowledge and the testimony sought is not relevant to any claim or defense asserted in the litigation.

For the foregoing reasons, the Notice should be quashed and a protective order entered.

B. <u>Improperly Seeks Duplicative Discovery</u>

Cause exists to quash the Notice. "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or local rules if it determines that: (i) the discovery is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

In this case, the United States Trustee has already provided answers to interrogatories and produced a substantial number of documents concerning many areas of the Topics. Moreover, Upright need only review its own records, explore its own memories, or seek discovery from third parties to be familiar with the facts in this case. The burden on the United States Trustee and the disruption to the orderly prosecution of this case, in comparison, is outsized. Therefore, the Notice should be quashed and a protective order entered.

## Conclusion

The Notice should be quashed because: the designee of the United States Trustee has no independent factual knowledge of Upright's conduct that is at issue; the deposition is improperly aimed at seeking information protected by privileges including, but not limited to, attorney work product and attorney-client privileges; the discovery sought is unreasonably cumulative or duplicative and the proposed discovery is outside the scope permitted by Fed. R. Civ. P. 26(b)(1).

WHEREFORE, the United States Trustee requests the Court to enter a protective order quashing Upright's Notice and granting such further relief as is just and appropriate.

        John P. Fitzgerald, III,
        Acting U. S. Trustee, Region 4

        By: /s/ Linda K. Barr
        Linda K. Barr, Id. 6284
        Trial Attorney
        Office of the United States Trustee
        1835 Assembly St., Suite 953
        Columbia, South Carolina 29201
        (803) 765-5219
        linda.k.barr@usdoj.gov

October 14, 2020

CERTIFICATE OF SERVICE
Case No: 18-05693-hb

I, the undersigned, do hereby certify that on the 14th day of October, 2020, I served the below-named party with a copy of the following document:

**MOTION FOR A PROTECTIVE ORDER QUASHING
NOTICE OF RULE 30(b)(6) DEPOSITION**

by electronic transmission through the Court's Electronic Case Filing system to the participants in this case, including the following participants and/or by electronic mail:

Todd Darwin, Esquire
Mark Lavery, Equire (via electronic mail)
F. Lee O'Steen, Esquire

By: /s/ Linda Barr
    Linda Barr
    Trial Attorney
    Office of U. S. Trustee
    1835 Assembly St., Suite 953
    Columbia, South Carolina 29201
    (803) 765-5219